917 A.2d 306 (2007)
391 N.J. Super. 164
Craig A. UHEREK, Plaintiff-Appellant,
v.
Shabana SATHE f/k/a Shobhana Uherek, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted February 28, 2007.
Decided March 15, 2007.
*307 Michael H. Nieschmidt, Hightstown, for appellant.
Shobhana Uherek, respondent pro se.
Before Judges WEFING, C.S. FISHER and YANNOTTI.
The opinion of the court was delivered by
FISHER, J.A.D.
The marriage of plaintiff Craig A. Uherek and defendant Shobhana Uherek was dissolved in this action on May 28, 2002. Nearly four years later, on April 28, 2006, plaintiff requested a transcript of the trial judge's April 2, 2002 in camera interview of the parties' child, arguing that R. 5:8-6 compelled the honoring of his request. The trial judge disagreed and we affirm, concluding that R. 5:8-6 does not require the turnover in the absence of a pending custody dispute.
In claiming an unfettered right to relief, plaintiff has mistakenly seized upon that part of the rule which states that transcripts of a court's in camera interview of a child "shall be provided to counsel and the parties upon request and payment for the cost." R. 5:8-6 (emphasis added). The meaning of this phrase, however, cannot be truly appreciated without resort to the rule's entire text and its historical underpinnings.
R. 5:8-6 is a lengthy rule, consisting of eleven sentences and 258 words. Because of its many connecting parts, there is a danger in assuming the meaning of any single phrase without a consideration of the whole. That is, it is appropriate in seeking an understanding of a word, phrase or clause, such as the eighth sentence of R. 5:8-6, upon which plaintiff solely relies, to consider its neighboring words, phrases and clausesa helpful guide not only in the interpretation of contracts, see, e.g., Isetts v. Bor. of Roseland, 364 N.J.Super. 247, 257, 835 A.2d 330 (App.Div.2003), and statutes, see, e.g., Germann v. Matriss, 55 N.J. 193, 220, 260 A.2d 825 (1970), but also in securing an accurate understanding of our court rules, see, e.g., Mercury Capital Corp. v. Freehold Office Park, Ltd., 363 N.J.Super. 235, 240, 832 A.2d 369 (Ch.Div.2003).
We initially observe, in approaching R. 5:8-6 on the whole, that its title is: "Trial of Custody Issue." Consistent with what this title signals, the rule repeatedly recognizes that the rights and obligations it imposes are dependent upon the presence of a custody dispute:

*308 Where the court finds that the custody of children is a genuine and substantial issue, the court shall set a hearing date no later than six months after the last responsive pleading. The court may, in order to protect the best interests of the children, conduct the custody hearing in a family action prior to a final hearing of the entire family action. As part of the custody hearing, the court may on its own motion or at the request of a litigant conduct an in camera interview with the child(ren). In the absence of good cause, the decision to conduct an interview shall be made before trial. If the court elects not to conduct an interview, it shall place its reasons on the record. If the court elects to conduct an interview, it shall afford counsel the opportunity to submit questions for the court's use during the interview and shall place on the record its reasons for not asking any question thus submitted. A stenographic or recorded record shall be made of each interview in its entirety. Transcripts thereof shall be provided to counsel and the parties upon request and payment for the cost. However, neither parent shall discuss nor reveal the contents of the interview with the children or third parties without permission of the court. Counsel shall have the right to provide the transcript or its contents to any expert retained on the issue of custody. Any judgment or order pursuant to this hearing shall be treated as a final judgment or order for custody.
[R. 5:8-6 (emphasis added).]
As the full context of the rule reveals, a parent's right to a transcript of a child's interview presupposes and is wholly dependent upon there being a pending custody dispute,[1] and does not authorize the turning over of such sensitive material merely upon request.
Historically, the judge's obligation to conduct such an interview, when the child is of appropriate age, is triggered by the presence of an active custody dispute. The divulging of information ascertained from the in camera interview, when relied upon by the judge in rendering a decision, is required by due process principles. Callen v. Gill, 7 N.J. 312, 319, 81 A.2d 495 (1951) ("[N]o assertion of fact by the child should be permitted by the judge to influence his decision unless he makes the same known . . . [or] else due process is not had."). The litigant's right to know, however, must be tempered by the sensitivity with which the child's privacy must be treated. Lavene v. Lavene, 148 N.J.Super. 267, 272, 372 A.2d 629 (App.Div.)(observing that "[a] private interview out of the presence of the contesting parents and their attorneys . . . assure[s] the child's freedom of expression"), certif. denied, 75 N.J. 28, 379 A.2d 259 (1977).
As can be seen, we have traditionally acknowledgedas a means of insuring the litigants' due process rights and as a means of obtaining relevant evidencea litigant's right to know of the child's in camera statements to the judge, "at least in general terms," ibid., when there is pending a custody dispute as to which such information has relevance. These concepts *309 are now embodied in R. 5:8-6. Viewed in light of these historical underpinnings, and guided further by the clear import of R. 5:8-6, it remains true that a litigant's attempt to learn what a child has expressed to the judge would, if honored, do little but invade the child's private communications and ought not be permitted absent a pending custody dispute.
The interview occurs in camera because the child is entitled to a degree of privacy which preserves, so far as possible, the child's "freedom of expression." Lavene, supra, 148 N.J.Super. at 272, 372 A.2d 629. To render such private statements more readily available than required by the demands of due process and R. 5:8-6, would tend to jeopardize the court's ability to gain a full and frank exposition of a child's preferences and views. Simple common sense suggests that children, who are put in the predicament of being asked their preferences in a custody battle, will more openly express their views outside the presence of their parents or their attorneys. In the interests of both gaining the best evidence available and protecting the child's right to privacy in such matters, the child should be free to speak openly. This is less likely to occur if the child's verbatim comments are readily available. Of course, we recognize that R. 5:8-6 permits the release of such information when there is a pending custody proceeding. But, absent that circumstance, there is no existing basis for such a turnover, even to a parent, of the child's private communications and we find no reason to create such a right here.
In seeking relief from the trial judge, plaintiff asserted that defendant has repeatedly frustrated his efforts to regain a full relationship with their child, who is now sixteen years old. That may or may not be so; we have no ability, on this record, to judge the validity of those claims. But our holding does not require that we determine whether there is merit to any of plaintiff's accusations against his ex-wife. Our holding is far more limited in scope.
Here, the child interview in question occurred four years prior to plaintiff's request and in connection with the pending matrimonial matter, which included a custody dispute. The pending custody and parenting time issues were resolved, at least for the time being, approximately two months after the in camera interview in question, when the trial judge entered the final judgment of divorce on May 28, 2002. We are also mindful of the fact that the parties have returned to court on other child-related issues since that time, but all those disputes were resolved at the time plaintiff requested the transcript.
In short, although, as plaintiff argues, R. 5:8-6 does indeed state that a transcript of the interview "shall be provided to counsel and the parties upon request and payment for the cost," that phrase presupposes a pending custody dispute. And, since there was then no pending custody dispute, the judge correctly rejected plaintiff's informal request for the transcript and his subsequent motion for reconsideration.
Affirmed.
NOTES
[1] Information obtained from such an interview is relevant in custody disputes because the Legislature has determined that the court should consider "the preference of the child when of sufficient age and capacity to reason so as to form an intelligent decision." N.J.S.A. 9:2-4(c). See also Mackowski v. Mackowski, 317 N.J.Super. 8, 12, 721 A.2d 12 (App.Div.1998). We have also held that the "child preference" factor is applicable to disputes regarding visitation and parenting time. See Wagner v. Wagner, 165 N.J.Super. 553, 556-57, 398 A.2d 918 (App.Div.1979), certif. denied, 85 N.J. 93, 425 A.2d 260 (1980).